148

CONLEY, PLAINTIFF-APPELLEE, *v.* POSTLE ET, D. B. A. POSTLE
INSURANCE AGENCY, INC., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25607.   Decided December 14, 1961.

*Mr. William A. Vidmar,* for plaintiff-appellee.
*Mr. Frank V. Opaskar,* for defendant-appellant.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth
District, sitting by designation in the Eighth District.)

*Per Curiam.*   On November 10, 1959, plaintiff-appellee,
hereinafter referred to as the "plaintiff," purchased a 1954
Cadillac automobile from Surplus Lot, Inc.; which was financed
through the Society National Bank.   The plaintiff authorized
the Surplus Lot, Inc. to obtain the necessary financing and
casualty insurance.   The defendant-appellant, hereinafter re-
ferred to as the "defendant," was called by phone by an
agent and employee of the seller and gave the name, address,
make of car, serial numbers, and other pertinent information
concerning the plaintiff.   The defendant was also advised that
the Society National Bank would finance the deal.   The plain-

tiff claims that the defendant accepted the oral application for collision insurance on said automobile.

The transaction was completed and on November 13, 1959, the automobile was delivered to the plaintiff with all parties concerned assuming that the automobile was covered by insurance. The Society National Bank issued its check to the seller but held the check, made payable to the defendant in the sum of $83.50, for the insurance premium until the insurance policy was delivered, which was its usual custom.

On November 26, 1959, the plaintiff, while driving the Cadillac automobile in West Virginia, was involved in an accident and the automobile was completely demolished. After the loss was reported, it was discovered that no policy of insurance had ever been issued by the defendant. Plaintiff then instituted this action in the Municipal Court of Cleveland against the defendant to recover the damages in the amount of his loss, to wit: $950.00, claiming that the defendant had negligently failed to insure said automobile upon said application to plaintiff's damages in that amount. Defendant's answer is a general denial.

The case came on for trial and resulted in a judgment in favor of the plaintiff, from which the defendant has perfected his appeal on questions of law to this court.

As we view the record, the case turns entirely upon the credibility of the witnesses. The evidence adduced by the plaintiff shows that this transaction was carrid out in every way by the parties thereto according to a custom that had developed in the "used car business"; that the seller arranged for the financing and insurance on the automobile; that it was the usual custom for the seller to call the defendant by phone, inform defendant of the sale and give the defendant the necessary information about the particular automobile and the purchaser, and that was all that was required to obtain insurance coverage.

The defendant contends that no application for insurance was ever made by the plaintiff; that the seller simply inquired of the defendant concerning the premium rate of such insurance which obviously would not be sufficient to bind the defendant.

It is a general rule that when a judgment is supported by

credible proof, a reviewing court will not disturb such judgment. The credibility of the witnesses is a matter for determination by the trier of the facts. An examination of the record in the instant case discloses sufficient evidence to justify the conclusion reached by the trial court and, therefore, the judgment must be and hereby is affirmed.

Judgment affirmed.

RADCLIFF, P. J., COLLIER and BROWN, JJ., concur.