KILBURN ET AL., APPELLANTS, *v.* BECKER, D.B.A. BECKER INSURANCE AGENCY, APPELLEE.

(No. CA89-06-047—Decided January 8, 1990.)

*Dooley & Heath Co., L.P.A.,* and *James V. Heath,* for appellants.

*Barron & Peck Co., L.P.A.,* and *Richard D. Lameier,* for appellee.

HENDRICKSON, J. This is an appeal by plaintiffs-appellants, Rick Kilburn, Edith Kilburn and Harold Kilburn, from a decision of the Clermont County Court of Common Pleas directing a verdict in favor of defendant-appellee, Lawrence Becker, d.b.a. Becker Insurance Agency.

On December 19, 1980, Harold and Edith Kilburn were injured in an automobile accident with an uninsured motorist. Harold Kilburn was driving a car owned by his son, Rick Kilburn. Harold and Rick Kilburn had separate automobile insurance policies with Motorists Mutual Insurance Company, each of which contained uninsured motorist coverage. The limit of the uninsured motorist coverage under Rick Kilburn's policy was $12,500 per person and the limit under Harold Kilburn's policy was $100,000 per person. Becker was their insurance agent at the time of the accident. Harold and Edith Kilburn made claims under both policies. Motorists Mutual agreed to pay the limits under Rick Kilburn's policy, but denied coverage under Harold Kilburn's policy on the basis of an "other owned auto" exclusion.

On August 23, 1982, the Kilburns filed a complaint naming as defendants both Becker and Motorists Mutual. They sought a judgment against Motorists Mutual declaring that Harold Kilburn's policy was in full force and effect at the time of the accident and that the "other owned auto" exclusion was void. They also sought damages against Becker, asserting a claim for negligence, breach of contract, willful and wanton misconduct, bad faith dealings, fraud and misrepresentation. The basis for this claim was Becker's alleged assurances to Harold Kilburn that he was covered under his own policy when driving any vehicle.

The trial court severed the issues relating to Motorists Mutual from the issues relating to Becker. The case went to trial first against Motorists Mutual on the issue of whether the uninsured motorist coverage in Harold Kilburn's policy would apply and whether the coverage under Harold Kilburn's policy could be stacked with the coverage under Rick Kilburn's policy. The trial court held that the "other owned auto exclusion" was a void anti-stacking provision. Motorists Mutual appealed that decision to this court. In light of two intervening Ohio Supreme Court cases, we remanded the matter for a new trial. *Kilburn* v. *Motorists Mut. Ins. Co.* (Apr. 7, 1986), Clermont App. No. CA85-03-010, unreported. On remand, the trial court held that the other owned auto exclusion was valid and enforceable, thus precluding any recovery under Harold Kilburn's policy. The Kilburns appealed and we affirmed the decision of the trial court. *Kilburn* v. *Becker* (May 26, 1987), Clermont App. No. CA86-07-049, unreported.

Subsequently, the action against Motorists Mutual was dismissed in the trial court. A trial was held on the issues relating to Becker, specifically negligent misrepresentation and breach of contract. The following facts were in evidence before the trial court.

In April 1979, Rick Kilburn filed an application with the Kilburn's insurance agent, Ken Gaskin, for insurance on his car and coverage was written for the minimum limit of $12,500. In June 1979, Gaskin's agency was transferred to Becker. Sometime later, Harold Kilburn called

Becker to confirm that his own policy, with the $100,000 limit, would cover him while operating his son's vehicle. Harold Kilburn testified that Becker told him his policy covered him for any vehicle he drove. At the time of the accident, Becker again assured him that his own policy covered the accident. When Motorists Mutual eventually denied coverage, he was surprised that Harold Kilburn's policy did not apply and he did not understand the exclusion relied upon by Motorists Mutual.

Becker testified that he could not remember giving Harold Kilburn any advice regarding his uninsured motorist coverage. He also did not remember any requests by Harold Kilburn to render any opinions regarding his uninsured motorist coverage. Becker further testified that his knowledge of the insurance policies he sold was obtained from sales meetings and, on occasion, direct questions to the underwriting department of Motorists Mutual. He had never been presented with an "other owned auto" exclusion issue as presented by the Kilburn case, nor had he received any instructions regarding the exclusion as it related to a situation like the Kilburns'.

At the close of the Kilburns' evidence, the trial court granted Becker's motion for a directed verdict. This appeal followed.

In their sole assignment of error, the Kilburns claim that the trial court erred in granting Becker's motion for a directed verdict. They argue that there was sufficient evidence that Becker misrepresented to them that Harold Kilburn would be covered under his own policy while driving his son's car and that they relied upon that misrepresentation. Therefore, they claim there was an issue to be submitted to the jury. We find this assignment of error is not well-taken.

Civ. R. 50(A)(4) provides:

"* * * When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

In deciding a motion for a directed verdict, the trial court must not consider the weight of the evidence or the credibility of the witnesses. Therefore, the trial court must submit an issue to the jury if there is evidence which, if believed, would permit reasonable minds to come to different conclusions. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 284-285, 21 O.O. 3d 177, 179, 423 N.E. 2d 467, 470.

The elements of negligent misrepresentation are as follows:

"* * * 'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " (Emphasis omitted; citations omitted.) *Delman* v. *Cleveland Heights* (1989), 41 Ohio St. 3d 1, 4, 534 N.E. 2d 835, 838, quoting 3 Restatement of the Law 2d, Torts (1965) 126-127, Section 552(1).

Upon a reading of the record, we find that, construing the evidence most strongly in the Kilburns' favor, reasonable minds can come to but one conclusion, *i.e.*, that Becker did not make a false statement and that he is not liable for negligent representation. To understand why we came to this

conclusion, it is necessary to understand how the facts in this case fit in with the change of the law in Ohio regarding "other owned auto" exclusions.

Prior to the Kilburns' accident, the law in Ohio was that uninsured motorist coverage was personal to the insured and did not follow the vehicle. *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593, 596, 23 O.O. 3d 495, 497, 433 N.E. 2d 547, 549. See *Motorists Mut. Ins. Co.* v. *Tomanski* (1971), 27 Ohio St. 2d 222, 224, 56 O.O. 2d 133, 134, 271 N.E. 2d 924, 925; *Curran* v. *State Auto. Mut. Ins. Co.* (1971), 25 Ohio St. 2d 33, 38, 54 O.O. 2d 166, 169, 266 N.E. 2d 566, 569. In April 1978, the Ohio Supreme Court decided *Grange Mut. Cas. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58, 8 O.O. 3d 70, 374 N.E. 2d 1258, in which it held that "other owned auto" exclusions were void because they are repugnant to the public policy expressed in R.C. 3937.18, the uninsured motorist statute; and that insured parties could stack uninsured motorist coverage for which they have paid a separate premium in a separate policy of insurance.

Approximately one year later, in April 1979, Rick Kilburn filed his application with Gaskins' agency for insurance on the car involved in the accident. In June 1979, Gaskin's agency was transferred to Becker. Shortly thereafter, Becker told Harold Kilburn that he was covered under his own policy while driving his son's car. In June 1980, the legislature amended R.C. 3937.18 by adding Section (E) (now [G]), which allowed insurance companies to include anti-stacking provisions in insurance policies. Six months later, in December 1980, the Kilburns were involved in the accident.

In 1982, the Kilburns filed suit against Becker and Motorists Mutual. Following the initial trial in 1985 against Motorists Mutual, the trial court held that the "other owned auto" exclusion was a void anti-stacking provision, relying on *Volkmann, supra,* and *Ady, supra.* Therefore, it held, the coverage under Rick Kilburn's and Harold Kilburn's policies could be stacked.

Motorists Mutual appealed the trial court's decision. Prior to submission of the case to the appellate court, the Ohio Supreme Court decided *Benson* v. *Rosler* (1985), 19 Ohio St. 3d 41, 19 OBR 35, 482 N.E. 2d 599, in which it held that anti-stacking provisions contained within an original policy that was issued at the time when anti-stacking provisions were void as against public policy were made valid by the enactment of R.C. 3937.18(E) and by renewal of the policies with the original provisions. Following *Benson,* the Ohio Supreme Court decided *Hedrick* v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 22 OBR 63, 488 N.E. 2d 840, in which it held that an "other owned auto" exclusion is a valid exclusionary provision which can preclude recovery. We held that pursuant to *Benson,* the trial court's judgment was erroneous. We remanded the case to the trial court to determine whether Rick Kilburn's or Harold Kilburn's policy applied in light of *Hedrick.*

On remand, the trial court followed *Hedrick* and concluded that the "other owned auto" exclusion was valid and enforceable, precluding recovery under Harold Kilburn's policy. We affirmed.

At the time when Becker told Harold Kilburn that his policy covered him while driving his son's car, that statement was correct and consistent with the law set forth by *Tomanski, supra, Curran, supra,* and *Volkmann, supra.* Becker had no reason to believe that Harold Kilburn was not covered under his own policy, particularly in

light of the fact that he received no instructions from Motorists Mutual on the issue. Even though the legislature amended R.C. 3937.18 six months prior to the accident, there was no indication that it could be applied to policies written before the amendment until the Ohio Supreme Court decided *Benson, supra.* In fact, at the close of the first trial, the trial court came to the same conclusion as did Becker about Harold Kilburn's policy. This was some six years after Becker's statement was made. It was not until the Supreme Court decisions in *Benson, supra,* and *Hedrick, supra,* that the law in Ohio was changed, precluding Harold Kilburn from recovering under his own policy. Becker cannot be held liable for misrepresentation when his statement was true at the time it was made, nor can be held responsible for changes in the law that occurred later.

The Kilburns rely upon *Clements* v. *Ohio State Life Ins. Co.* (1986), 33 Ohio App. 3d 80, 514 N.E. 2d 876. In that case, Gene and Mary Clements filed an application for group health insurance which was rejected by the insurance company. The Clements claimed that the agent told them that they would be covered as of July 10, 1982 and that he did not tell them that the insurance company had to approve the application. The insurance agent denied these allegations. On August 1, 1982, Mary Clements was admitted to the hospital. The insurance agent claimed that on August 5, 1982 he received a notice dated July 26, 1982 that the Clements' application for insurance had been denied and that he notified Gene Clements that same day. Nevertheless, the Clements continued to pay premiums, which were later refunded. The insurance company refused to pay Mary Clements' hospital and medical expenses on the basis that no policy had ever been issued. The Clements then sued the agent and the insurance company for breach of contract and negligence. The trial court granted summary judgment in favor of the insurance company and the agent.

The court of appeals reversed, finding that there were factual issues in dispute. In so deciding, it stated the general principles upon which the Kilburns rely:

"* * * An insurance agent who advises a client that the coverage sought is in effect with the knowledge that the insurance company has not yet agreed to provide the coverage thereby incurs personal liability as an insurer. *Stuart* v. *National Indemn. Co.* (1982), 7 Ohio App. 3d 63, 7 OBR 76, 454 N.E. 2d 158. In addition, if the agent is negligent in failing to acquire coverage he has undertaken to procure, he may be liable for resulting damage. *Id.; Conley* v. *Postle* (App. 1961), 88 Ohio Law Abs. 148, 178 N.E. 2d 527. * * *

"Not only may an insurance agent be individually liable for misrepresentations or misconduct, but he also may bind the insurance company by his actions taken on its behalf within the scope of his apparent authority. *Coletta* v. *Ohio Cas. Ins. Co.* (1953), 96 Ohio App. 70, 54 O.O. 180, 121 N.E. 2d 148. * * *" *Id.* at 84, 514 N.E. 2d at 881.

The Kilburns' reliance upon *Clements* is misplaced. First, it is factually and procedurally distinguishable from the case now before us. Second, even applying the general principles set out in that case, the same result must be reached. The Kilburns argue that they specifically called Becker to make sure that Harold Kilburn was covered under his own policy while driving his son's care. That is the type of coverage that they sought and they claim Becker misrepresented to them that the requested coverage was in effect when he knew or should have known that the coverage they requested was no longer valid. However,

as the law stood at the time of the alleged misrepresentation, the "other owned auto" exclusion was invalid and Harold Kilburn was covered under his own policy while driving his son's car. Moreover, Becker had no reason to believe at that time that Motorists Mutual would deny coverage under Harold Kilburn's policy. Harold Kilburn already had the coverage he requested. Becker cannot be held liable for failing to procure the coverage Harold Kilburn requested when Kilburn already possessed that coverage, nor can Becker be held responsible for the subsequent denial of coverage due to a change in the law.

For all the reasons stated above, the trial court properly granted Becker's motion for a directed verdict. Accordingly, the Kilburns' assignment of error is overruled.

*Judgment affirmed.*

YOUNG, J., concurs.

JONES, P.J., concurs in judgment only.