**TARKETT INC.**

v.

**CONGOLEUM CORPORATION.**

Civ. A. No. 91–CV–4830.

United States District Court,
E.D. Pennsylvania.

Nov. 13, 1992.

William T. Hangley, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa., Edward V. Filardi, White & Case, G.T. Delahunty, William R. Robinson, Harold Haidt, Brooks, Haidt, Haffner & Delahunty, New York City, for plaintiff.

Joseph F. Posillico, Jeffrey M. Navon, John T. Synnestvedt & Lechner, Philadelphia, Pa., for defendant.

## MEMORANDUM

ROBRENO, District Judge.

### I. INTRODUCTION

Defendant Congoleum Corporation has moved this court for leave to amend its answer to assert counterclaims for trade secret theft and antitrust violations (Document No. 60). For the reasons stated be-

low, I will permit defendant to amend its answer to add an antitrust count and will deny defendant's request to add a count based upon alleged trade secret theft.

## II. DISCUSSION

■ Federal Rule of Civil Procedure 15(a) provides in relevant part that:

[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). Leave to amend under Fed.R.Civ.P. 15(a) is well within the discretion of the trial court. *See, e.g., Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984). ·

■ The discretion of the court is informed by the factors considered by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In essence, the district courts may grant requests to amend freely unless the underlying circumstances show:

undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.

371 U.S. at 182, 83 S.Ct. at 230. The Third Circuit has interpreted these factors to emphasize that prejudice to the non-moving party is the touchstone for the denial of a request for leave to amend. *See Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989). Further, the moving party bears the burden of proof in explaining the reasons for delay in seeking leave to amend. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70 (2d Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 3036, 120 L.Ed.2d 905 (1992); *S.F.M. Corp. v. Sundstrand Corp.*, 99 F.R.D. 101, 106 (N.D.Ill.1983).

Defendant rests its request for leave to amend on two basis. First, defendant claims that on June 30, 1992, its counsel was "startled" to find two of its own documents, bates-stamped for production, in files produced by plaintiff during discovery in this litigation. Defendant claims that these two documents contain unspecified trade secrets and or confidential information. Hinting that more of defendant's documents may be in plaintiff's possession, defendant claims that this information has been misappropriated, and seeks to add a theft of trade secrets count to its answer and counterclaim. Second, in support of defendant's allegation of plaintiff's anti-competitive conduct, defendant contends that its counsel recently learned of a floor product manufacturer in Sweden who shares, in the opinion of defendant's counsel, some features in common with the patented product at issue in this case. Based upon the alleged similarities, coupled with the claim that the Swedish product had gone into production prior to plaintiff's, defendant claims that plaintiff's patent was procured by fraud, exposing plaintiff to liability for attempting to monopolize in violation of § 2 of the Sherman Antitrust Act. 15 U.S.C. § 2 (1973 & Supp.1992).

■ Plaintiff opposes defendant's motion for leave to amend its answer. Plaintiff contends that: (1) defendant's claims are baseless; (2) defendant has unduly delayed in seeking to amend its answer; and (3) permitting amendment of defendant's answer to add a count for trade secret misappropriation and antitrust violations will prejudice the plaintiff by creating new issues of law and burdens of discovery. With respect to the theft of trade secrets claim, the court agrees with plaintiff's contentions two and three above. As to the first contention, on this record, while the claim of theft of trade secrets may not be "baseless", it is certainly weak. Therefore, leave to amend defendant's answer and counterclaim to add a count of trade secret theft will be denied.

■ Defendant has unduly delayed seeking to add this new count. The case has been actively litigated for fifteen months by experienced counsel. On October 26, 1992, this court held a status conference to discuss all aspects of the case, including

the establishment of a new firm trial date and, thereafter, issued a comprehensive Case Management Order resolving long-standing discovery impasses and providing guidance to the parties' conduct in these final days before trial. The case is now in a posture to be tried. Moreover, public policy is not served by allowing claims to linger which cloud the validity of a patent issued by the U.S. Patent Office. *See Continental Can Co. v. Monsanto Co.,* 948 F.2d 1264, 1266 (Fed.Cir.1991) (justice ill served by delay in final resolution of patent disputes where patent property is wasting asset).

■ Although passage of time alone will not support denial of leave to amend, *Foman,* 371 U.S. at 182, 83 S.Ct. 230, undue delay by a movant in seeking leave to amend will support such a denial. *Id.; see also Berger v. Edgewater Steel Co.,* 911 F.2d 911, 924 (3d Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991); *Strawhecker v. Laurel School Dist.,* 100 F.R.D. 7, 11 (W.D.Pa. 1983) (citing *Hirshhorn v. Mine Safety Appliances Co.,* 101 F.Supp. 549, 552 (W.D.Pa.1951) (court may consider tardiness of amendment in determining whether leave should be granted), *aff'd,* 193 F.2d 489 (1952). While Defendant has known of the existence of its documents found in plaintiff's possession since July 30, 1992, it elected to wait until October 22, 1992, long after the close of the previously established discovery cut-off and just a few days prior to the fixed trial date, to file its motion for leave to amend. *See Berger v. Edgewater Steel Co.,* 911 F.2d 911, 924 (3d Cir.1990) *cert. denied,* — U.S. —, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991) (plaintiff's delay of four and one half months after receiving certain information was an important factor in finding that the delay was undue). Not only is the delay in this case undue, but defendant has not provided a valid justification for it. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d at 72 (affirming denial of motion for leave to amend if inordinate delay was not supported by adequate justification).

The court also concludes that permitting the addition of a trade secret theft claim at this point in time would unduly prejudice the plaintiff. Prejudice in the context of Fed.R.Civ.P. 15(a) "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes,* 416 F.2d 290, 300 (3d Cir.1969). Adding a theft of trade secret counterclaim would raise entirely new issues of law. In turn, plaintiff will necessarily advance new defenses not previously raised in this litigation. Naturally, additional discovery will ensue with the parties launching another wave of discovery of unknown duration and destination.

■ A different result is obtained as to the proposed antitrust count. With respect to the request to add a "Walker Process Claim," [1] the court will permit defendant to amend its answer and add the antitrust count to its counterclaim. I do so because plaintiff will not be prejudiced by the amendment since the antitrust claim is supportable by discovery previously obtained or obtainable within the bounds of the present Case Management Order. This is so because the factual predicate which supports the antitrust claim is apparently the same as that supporting the defense that plaintiff committed fraud upon the United States Patent Office in procuring the patent. *See Congoleum Corporation's Answer to the Complaint and Counterclaim,* pp. 2–3 (Second and Fourth Affirmative Defenses). Prejudice is further limited because under the Case Management Order plaintiff has been provided the opportunity to conduct additional discovery to defend against such a counterclaim. In short, permitting this amendment will not require discovery to be reopened and, therefore, the integrity of the established trial date and discovery cut-off will be maintained.

## III. CONCLUSION

For the foregoing reasons, defendant shall be granted leave to assert an anti-

---

1. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965) (enforcement of pat- ent procured by fraud on patent office may be violative of Sherman Act).

trust count but will not be permitted to amend the answer to assert a theft of trade secrets count.

An appropriate Order follows.

### ORDER

AND NOW, this 13th day of November, 1992, in consideration of defendant's motion for leave to amend its answer to seek relief for trade secrets misappropriation and antitrust violations (Document No. 60) and plaintiff's response thereto (Document No. 66), it is ORDERED:

1. Defendant's motion is GRANTED in part and DENIED in part. Defendant may amend its answer to add an antitrust count and defendant may not amend its answer to add a count based upon alleged trade secret theft;

2. Defendant shall make any amendment permitted by paragraph one above on or before November 18, 1992.

3. Plaintiff shall respond to any additional counts asserted by defendant on or before November 28, 1992;

4. Discovery shall continue pursuant to the terms of the October 26, 1992, Case Management Order.