BROWN et al., Appellants,

v.

WOODMEN ACCIDENT AND LIFE COMPANY; Nikias, Appellee.

[Cite as *Brown v. Woodmen Acc. & Life Co.* (1992), 84 Ohio App.3d 52.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–02–020.

Decided Nov. 30, 1992.

*Heath & Assoc.* and *James J. Heath,* for appellants.

*Brewer, Cooney & Lane* and *Stephen C. Lane,* for appellee George Nikias, d.b.a. Nikias Insurance Agency.

---

JONES, Presiding Judge.

This matter is before this court pursuant to an appeal of a judgment entry granting summary judgment.

On January 16, 1990, Jo Ann Brown and Bernard L. Brown ("appellants") filed a complaint in the Clermont County Court of Common Pleas. Said complaint requested relief from Woodmen Accident and Life Company ("Woodmen"), the issuer of the insurance policy, and appellee, George Nikias, individually and d.b.a. Nikias Insurance Agency ("Nikias"), the agent who sold the insurance policy to a business owned by Bernard Brown and Alvin Janson. Appellants contend that they incurred expenses totaling $9,331.46 due to Jo Ann Brown's hospitalization at Emerson A. North Hospital ("Emerson") for treatment of her alcoholism. In their complaint, appellants contend that said expenses should have been paid pursuant to the insurance policy which they had with Woodmen and based on representations of coverage by Nikias.

Depositions and Jo Ann Brown's affidavit in the case *sub judice* establish the following facts. Upon admitting herself to Emerson, Jo Ann Brown informed Emerson personnel of her insurance policy. In a return telephone call to Emerson, Nikias represented to someone at Emerson that Jo Ann Brown had medical coverage under her health insurance of $250 deductible, after which the insurance company paid eighty percent and appellants paid twenty percent of the next $2,500, and thereafter the insurance company paid one hundred percent. Nikias made the above representation not knowing that Jo Ann Brown was to undergo treatment at Emerson for alcoholism. Furthermore, although Nikias knew that the Woodmen policy provided only minimal coverage for treatment of alcoholism and not as extensively as represented above, he did not inform the person at Emerson.

On February 11, 1991, the trial court granted Woodmen's motion for summary judgment. On July 29, 1991, Nikias filed a motion for summary judgment which was granted on January 28, 1992. It is from this entry which appellants filed their notice of appeal to this court. The entry granting Woodmen's motion for summary judgment was not appealed. Appellants' sole assignment of error is:

"The Trial Court Erred to the Prejudice of Appellants in Granting the Motion of Appellee for Summary Judgment."

Under their assignment of error, appellants argue that since significant issues of fact exist, summary judgment should not have been granted to Nikias. Appellants contend that the significant issues of fact are whether their reliance on Nikias's misrepresentation of coverage under the insurance policy was justified, and whether Nikias is estopped from denying the misrepresentation when appellants did not have other means to obtain the information.

█ The standard upon which we must review the propriety of summary judgment is:

"(1) whether a genuine issue as to any material fact remains to be litigated;

"(2) whether the moving party is entitled to judgment as a matter of law; and

"(3) whether it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

"Affirmative answers to all three questions are required before summary judgment can be granted." *Tohline v. Central Trust Co.* (1988), 48 Ohio App.3d 280, 281, 549 N.E.2d 1223, 1226. See, also, Civ.R. 56.

█ Appellants' complaint is based upon the theory that Nikias negligently misrepresented the amount of coverage under the insurance policy for treatment of Jo Ann Brown's alcoholism. In *Kilburn v. Becker* (1990), 60 Ohio App.3d 144, 146, 573 N.E.2d 1226, 1228, this court specified the elements of negligent misrepresentation as:

" ' * * * "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." ' (Emphasis omitted; citations omitted.) *Delman v. Cleveland Heights* (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835, 838, quoting 3 Restatement of the Law 2d, Torts (1965) 126–127, Section 552(1)."

■   Appellants contend that Nikias's representation that the Woodmen insurance policy covered the treatment for Jo Ann Brown's alcoholism to a greater extent than Woodmen paid for her treatment constitutes a negligent misrepresentation.  We do not agree.  Bernard Brown's testimony at his deposition that his business partner received documentation of the coverage provided for in the Woodmen policy precludes appellants from stating that a genuine issue of fact remains as to whether appellants' reliance on Nikias's representation was justified.  Appellants had only to ask Alvin Janson, Brown's business partner, for the documentation evidencing the insurance coverage.  Since the insurance policy was "clear and unambiguous," [1] appellants would have been able to ascertain the amount of coverage provided for the treatment of alcoholism under the Woodmen policy.  Therefore, pursuant to *Kilburn,* we find that there was no genuine issue of fact as to whether appellants' reliance on Nikias's representation was justified.

We agree with appellants' next contention that Nikias was negligent in not ascertaining the nature of the treatment which Jo Ann Brown was undergoing at Emerson, or at least in not informing the representative of Emerson that there was minimal coverage under the policy for treatment of self-inflicted wounds, drug or alcohol abuse and/or mental disorders.  However, in her deposition, Jo Ann Brown testified that she decided to enter Emerson on February 5, 1988 and was admitted on February 6, 1988;  that she didn't examine the Woodmen policy prior to entering Emerson;  and that she " * * * didn't really think about the insurance" but was more concerned about getting healthy.  Jo Ann Brown further testified that when she went into Emerson, a nurse checked on Jo Ann Brown's insurance coverage with the Nikias agency and minutes later she was admitted.  From the above testimony, it is clear that Jo Ann Brown did not rely on Nikias's representation regarding the amount of her insurance coverage in admitting herself into treatment at Emerson.  Therefore, pursuant to *Kilburn,* we find there was no genuine issue of material fact as to appellants' reliance on Nikias's representation.

Appellants also allege that an issue remained whether Nikias could be estopped from denying the misrepresentation when appellants had no other means of obtaining the information regarding the extent of insurance coverage.

---

1.  In its decision of December 28, 1990 granting Woodmen's motion for summary judgment, the trial court found:  " * * * the contract of insurance is clear and unambiguous and provides a maximum benefit for inpatient alcohol treatment in the amount of $550.00."  Since the entry of February 11, 1991 incorporating this decision was not appealed, this finding is final and binding.  Since the trial court's decision granted summary judgment against appellants herein, appellants are collaterally estopped from challenging this finding. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10.  See, also, *Freeman v. Beech Aircraft Corp.* (Sept. 30, 1983), Butler App. Nos. 80–11–0119, 80–11–0120, 80–11–0121, unreported.

██ The " * * * doctrine of equitable estoppel is derived from the concept in natural law that one cannot change his position once another has acted in reliance thereon." *Andres v. Perrysburg* (1988), 47 Ohio App.3d 51, 56, 546 N.E.2d 1377, 1383. However, as the court in *Pedler v. Aetna Life Ins. Co.* (1986), 23 Ohio St.3d 7, 11, 23 OBR 6, 9, 490 N.E.2d 605, 608, stated:

" ' * * * a party who acts with full knowledge of the truth has not been misled and cannot claim estoppel. Hence, *there can be no estoppel where the party claiming it is chargeable with knowledge of the facts, as where he either knows the facts or is in a position to know them* or the circumstances are such that he should have known them; or where the circumstances surrounding the transaction are sufficient to put a person of ordinary prudence on inquiry which would have disclosed the facts * * *.' " (Emphasis added.) Quoting 42 Ohio Jurisprudence 3d (1983) 109–110, Estoppel and Waiver, Section 66.

██ In the case *sub judice*, we have already found that it was within appellants' ability to readily discover the coverage for alcoholism treatment under the Woodmen insurance policy by requesting the documentation regarding such coverage from Alvin Janson. Therefore, as a matter of law, under *Pedler*, recovery under a theory of equitable estoppel was not available to appellants and summary judgment was proper. *Andres v. Perrysburg, supra*, 47 Ohio App.3d at 56, 546 N.E.2d at 1383.

Construing the evidence in favor of appellants and with no genuine issues of any material facts existing, we find that Nikias was entitled, as a matter of law, to have his motion for summary judgment granted. Appellants' assignment of error is overruled.

*Judgment affirmed.*

WALSH, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

Upon inquiry from Emerson A. North Hospital as to coverage for Jo Ann Brown, Nikias indicated that Brown's insurance plan provided coverage. Limitations upon such coverage were not indicated. The hospital relied upon such information and extended services. Was the hospital justified in relying upon such information? If so, was Jo Ann Brown able to rely as well upon such information?

The trial court, in granting summary judgment to Nikias, and the majority herein, would make a factual finding that this sick person seeking medical

assistance should have gotten the holder of the policy to allow her to read it to discover the limitation on her coverage.

I do not believe the cause can or should be decided on a motion for summary judgment. Accordingly, I dissent.