PHOENIX TECHNOLOGIES, INC., Plaintiff,

v.

TRW, INC., Defendant.

No. 92–CV–5863.

United States District Court, E.D. Pennsylvania.

March 14, 1994.

A. Charles Peruto, Sr., Philadelphia, PA, for plaintiff.

Michael F.R. Harris, Jeffrey G. Weil and Thomas Dolgenos, Dechert, Price & Rhoads, Philadelphia, PA, Jennifer E. Millson and Deborah P. Warner, TRW, Inc., Cleveland, OH, for defendant.

## MEMORANDUM & ORDER

JOYNER, District Judge.

Presently before the Court is the motion of defendant, TRW, Inc., to file a second amended counterclaim against plaintiff, Phoenix Technologies, Inc., pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Plaintiff opposes this motion for several reasons. First, plaintiff claims that there has been undue delay in filing the motion. Second, plaintiff claims that it will be prejudiced if the amendment is allowed. Third, plaintiff claims that the proposed amendment would be futile for several reasons. For the reasons set forth more fully below, we will deny defendant's motion.

### Standard

■■■ Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a) (1993). It is within the discretion of the trial court to grant or deny a motion to amend. *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3rd Cir.1988); *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D.Pa.1992). Courts in this Circuit generally grant such requests liberally, and deny them only where there has been undue delay, bad faith or where it would be prejudicial to the nonmoving party. *Transport Workers, Local 234 v. SEPTA*, 137 F.R.D. 220, 223 (E.D.Pa.1991). Further, where the proposed counterclaim fails to state a cause of action or to raise meritorious claims, leave to amend should also be denied. *Perfect Plastics Indus. v. Cars & Concepts* 758 F.Supp. 1080, 1082 (W.D.Pa.1991); *Transport Workers*, 137 F.R.D. at 223.

### Discussion

■■■ We first address plaintiff's argument that leave to amend should be denied because there has been undue delay by defendant in seeking leave to amend. " 'The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court.' " *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3rd Cir.1987) (citations omitted).

In the present case, plaintiff filed its complaint in October, 1992. In December, 1992, defendant filed its answer to the complaint which included its counterclaim. Although there have been several extensions in this case, the final cut-off date for discovery was August 20, 1993. On October 19, 1993, this Court granted defendant's first motion to amend its counterclaim in order to state a claim for fraud (the motion was filed on Sept. 1, 1993). The parties were then scheduled to go to trial on February 7, 1994. Thereafter, this Court granted summary judgment in favor of defendant on all counts of plaintiff's complaint on January 5, 1994. Plaintiff then filed a motion for summary judgment on all of defendant's counterclaims on January 17, 1994. We recently granted plaintiff's motion on March 9, 1994. When defendant filed the present motion, on January 31, 1994, plaintiff's motion for summary judgment was still pending. However, the parties had just filed their joint pretrial memorandum earlier that day. Further, this Court had just postponed the Feb. 7 trial date two days before defendant filed its motion in order for defendant to conduct a deposition out of state. The new trial date is currently scheduled to begin on April 18, 1994.

Defendant now asks this Court to amend its counterclaim to state a claim for negligent misrepresentation based upon the same facts as its fraud claim. Based on the above facts, however, we find that there has been undue delay on defendant's part in filing its motion. Defendant could have requested leave to amend its counterclaim to state a claim for negligent misrepresentation at the same time it requested leave to amend its counterclaim to state a claim for fraud back on September 1, 1993. However, defendant did not make any such request until January 31, 1994, even though the claim for negligent misrepresentation is based on the exact facts as its fraud claim. We also note that defendant has not provided the Court with any reason for this delay. *See Tarkett*, 144 F.R.D. 289, 291 (E.D.Pa.1992) (courts may deny motion where parties offer no explanation for their inordinate delay).

Even if defendant's unexplained delay does not rise to the level of "undue delay," however, we find that allowing the amendment would be futile because the claim would not survive a motion for summary judgment. While we are mindful that courts should not enter summary judgment against a proposed amendment before the motion to amend has

been granted, *see J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 614 (3rd Cir.1987), the Third Circuit has also held that where courts have taken such action, and summary judgment was appropriate, the only error that resulted was harmless. *See Vanguard Telecommunications v. So. New England Tel.,* 900 F.2d 645, 654 n. 5 (3rd Cir. 1990) (district court's decision to deny the amendment, in part, on the basis that the amendment would not survive a motion for summary judgment was affirmed because the decision to enter summary judgment was appropriate).

As previously discussed, we recently granted summary judgment in favor of plaintiff on all of defendant's counterclaims. One of those claims was a claim for fraud. Briefly stated, defendant's claim for fraud was based on representations made by plaintiff prior to the parties entering into the Agreement, that its financing was currently being finalized, and that it expected confirmation within two to three days. However, defendant never received any written confirmation of financing from plaintiff the entire month before entering into the Agreement as plaintiff had indicated in its proposal letter. However, plaintiff did orally promise that financing was forthcoming, and it provided a document that indicated it had an "expected financing plan." Based upon a thorough review of all the evidence, we concluded that no reasonable jury could find a genuine issue of fact existed because, notwithstanding whether or not plaintiff had made any misrepresentations regarding its ability to obtain financing, defendant should have known after entering into the Agreement, if not prior to entering into the Agreement, that plaintiff did not have financing despite its earlier representations. As a result, we held under Ohio law that defendant waived its right to bring a claim for fraud by entering into four amendments to the Agreement (which extended the closing date four times because plaintiff did not have financing to close the deal) after knowledge of this fact. We also noted that the fact that the Agreement specifically provided that defendant could retain the prepayments and option payments (which totalled 3.5 million dollars) was evidence that defendant knew plaintiff did not have financing despite its earlier representations).

■■■ In the face of our most recent decision, it is clear that an amendment to state a claim for negligent misrepresentation would be futile because the same facts show there can be no recovery for such a claim. In Ohio, one is liable for negligent misrepresentation if:

> in the course of [one's] business, profession or employment, or in any other transaction in which he has a pecuniary interest, [he] supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Brown v. Woodmen Accident & Life Co.,* 84 Ohio App.3d 52, 55, 616 N.E.2d 278, 279–80 (1992) (citations omitted). However, there is no cause of action for negligent misrepresentation where the facts indicate that one's reliance on the alleged misrepresentation is unreasonable because one had the ability to find out the truth. *Id.* In *Brown,* the court upheld the trial court's grant of summary judgment on appellants' claim of negligent misrepresentation. In *Brown,* an insurance agent misrepresented to hospital personnel the amount of insurance coverage that the insured had, not knowing that the insured had admitted herself to the hospital for treatment of alcoholism. Even though the agent knew that the policy provided for minimal coverage for such treatment, he did not inform the person from the hospital who called to confirm the appellant's coverage. However, the court held that appellant's reliance on the agent's representation regarding the amount of coverage was not justified because the evidence showed that appellant's business partner had received documentation of the insurance coverage, which clearly indicated the amount of coverage for treatment of alcoholism. As such, all appellant had to do was to ask his partner for the documentation, however, since he had not done so, he could not claim reliance on the agent's misrepresentation.

■ Likewise, the facts in this case indicate that defendant's claim of negligent misrepresentation fails because defendant's reliance was not justified, and because, as we previously found, defendant waived its claim by entering into amendments to the Agreement.[1] As we previously found, the fact that defendant never received any conclusive written documentation of financing prior to entering into the Agreement should have put defendant on notice that plaintiff did not have financing. This is especially true because the proposal letter indicated that plaintiff would provide such evidence. The only written evidence submitted by plaintiff was a document that indicated its "expected financing plan." Any sophisticated business person such as defendant would have required more than an expected plan and oral promises as evidence of financing in a 40 million dollar deal. Further, when the parties initially entered into the Agreement, they included a clause which stated that defendant could retain the one million dollar prepayment made by plaintiff if plaintiff failed to close by the closing date. Therefore, as in *Brown*, defendant cannot now claim it justifiably relied on plaintiff's misrepresentations, that its financing was being finalized, so as to induce it to enter into the Agreement, when the evidence shows it knew plaintiff did not have financing, or that it was in a position to determine that it did not have financing prior to entering into the Agreement.

Nor was defendant justified in relying on plaintiff's representations to enter into the amendments to the Agreement. The actions taken by the parties after entering into the Agreement shows that defendant clearly knew that plaintiff did not have financing, and yet defendant continued to grant extensions to the Agreement. Clearly defendant knew once plaintiff asked for the first extension of the Agreement that its financing was not in place. Thereafter, each time plaintiff requested an extension of the Agreement, it paid an option payment of $500,000 to $1,000,000 in order to obtain the extension. The parties specifically contracted that should plaintiff fail to close by each new closing date, defendant could retain such payments. However, despite all this evidence, as well as other evidence discussed in our previous opinion, defendant maintains it relied on plaintiff's oral representations [2] that financing would be forthcoming so as to induce it to enter into the amendments to the Agreement. *See Phoenix Tech., Inc. v. TRW, Inc.*, 846 F.Supp. 367 (1994). Under *Brown*, therefore, defendant's claim clearly fails.

It is for these reasons that we hold defendant's motion would not survive a motion for summary judgment, and therefore, that we must also deny the amendment. In so finding, we note that our decision is predicated on notions of judicial economy. While in *J.E. Mamiye*, 813 F.2d 610, 617–19 (3rd Cir.1987) (Becker, C.J., concurring), the court was concerned with timing and allowing parties seeking an amendment an opportunity to discover evidence in order to bring or defend against a motion for summary judgment, such concerns are not present here. Given that defendant admits that its amendment is based on the same facts as its fraud claim, and that we have thoroughly reviewed all the facts prior to deciding the motion for summary judgment on the fraud claim, there is no prejudice to defendant by depriving it of an opportunity to discover new evidence to oppose a motion for summary judgment on the negligent misrepresentation claim. As such, defendant's motion is denied.

---

1. We need not reiterate all the facts in reaching our conclusion. However, for a more thorough discussion of the facts and the reason for granting summary judgment on the fraud claim, *see Phoenix Tech., Inc. v. TRW, Inc.*, 846 F.Supp. 367 (1994).

2. Defendant also suggests it relied on a preliminary timetable submitted by plaintiff, however, we found that document clearly indicated there were no confirmations of financing.