**HESKETT, Appellant and Cross–Appellee,**

**v.**

**PAULIG, Appellee and Cross–Appellant.**

[Cite as *Heskett v. Paulig* (1999), 131 Ohio App.3d 221.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–98–13.

Decided Feb. 22, 1999.

Timothy J. Boone and G. Rand Smith, for appellant and cross–appellee.

Martin, Browne, Hull & Harper and Robin R. Freeman, for appellee and cross–appellant.

SHAW, Judge.

Plaintiff-appellant and cross-appellee Beatrice Heskett appeals the judgment of the Logan County Court of Common Pleas following a directed verdict in favor of defendant-appellee and cross-appellant Karl Paulig. Appellant asserts five errors with that judgment, and appellee in a cross-appeal asserts one error.

This case arises out of appellee's legal representation of appellant in a domestic relations matter. Appellant claimed that appellee's representation of her was deficient, in that he inappropriately filed an "alimony only" action on her behalf instead of an action for a guardianship, and that this deficiency caused her to lose her inheritance. On May 20, 1992, appellant first filed a legal malpractice action against appellee in the Champaign County Court of Common Pleas. Because of a problem with a witness, this case was dismissed pursuant to Civ.R. 41(A)(2) on May 31, 1994.

On March 27, 1995, appellant refiled her action in the Pickaway County Common Pleas Court. After that court denied a joint motion for continuance, appellant's two attorneys met with appellee's counsel to determine a course of action. At this meeting, all three attorneys apparently agreed that appellant could dismiss her case and file it for a third time in Logan County.[1] However, no written stipulation to that effect was entered into as a result of this meeting. Appellant then filed a notice dismissing the case pursuant to Civ.R. 41(A)(1).

On January 8, 1997, appellant filed the instant case in the Logan County Court of Common Pleas. Over a year later, appellee's counsel filed a motion to dismiss the case, arguing that appellant was precluded from refiling the case by the decision in *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 659 N.E.2d 336. Although the trial court concluded that appellee's motion was legally correct, it held that because of the alleged agreement of counsel prior to the dismissal in Pickaway County, appellee was equitably estopped from obtaining a dismissal on the basis asserted in the motion. The court therefore denied the motion to dismiss and the case proceeded to trial. However, at the close of appellant's case the court sustained appellee's motion for directed verdict, determining that the appellee's actions were not the proximate cause of appellant's loss. Appellant now asserts five assignments of error with the proceedings below:

---

1. Appellant's counsel testified that when appellee's counsel was asked if he was "going to raise any other issues, any other procedural issues of any kind that would prohibit [appellant's claim] from going forward" in Logan County, that appellee's counsel had replied "oh, no, no, no, no, no. No, no, no." Appellee's counsel disputed this characterization of the conversation and specifically denied that he had "agreed on behalf of Mr. Paulig in [sic], and the insurance company I represent that I would waive any defenses in the future, would not raise any new defenses or anything of that sort." This factual dispute was resolved by the trial court's finding that the dismissal was motivated by "a mistake of law by both counsel."

"The trial court committed prejudicial error in granting appellee's Civil Rule 50(A) motion for a directed verdict at the close of plaintiff's evidence.

"The trial court erred to the prejudice of the plaintiff by conducting, without notice to the parties and outside the presence of counsel, an off record in camera conference with the plaintiff's key expert witness during the break between the witness' direct and cross-examination testimony.

"The trial court erred by not granting plaintiff's motion for mistrial relating to the trial court's off-record in-camera conference with the plaintiff's key expert witness during the break between the witness' direct and cross-examination testimony.

"The trial court erred by not granting the plaintiff's motion for a new trial based on the irregularity in the trial proceedings and because the directed verdict judgment was contrary to law.

"The trial court erred to the prejudice of the plaintiff in limiting to forty-five minutes the amount of time for plaintiff to conduct voir dire examination of prospective jurors in this professional negligence case."

Appellee, in turn, asserts a single cross-assignment of error:

"The trial court erred to the prejudice of defendant in denying his motion to dismiss by judgment entry filed February 6, 1998."

We will first address appellee's cross-assignment of error. Appellee's motion to dismiss asserted that R.C. 2305.19, the saving statute, was improperly utilized by appellant to file the case in Logan County, because appellant had previously relied upon that statute to file her action in Pickaway County. Appellee's argument rests on the authority of the Tenth District Court of Appeals decision in *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 659 N.E.2d 336. In that case, the court held the saving statute to be inapplicable on similar facts, since under that statute "a case may only be extended * * * for one year after the initially filed action fails otherwise than upon the merits." *Id.*, 103 Ohio App.3d at 269, 659 N.E.2d at 338. Appellant did not directly address this argument. Instead, she argued that because she had voluntarily dismissed the Pickaway County case under Civ.R. 41(A)(1)(a), under the so-called "two-dismissal rule" no decision on the merits had occurred, and that the case should not be dismissed.

The trial court accepted appellee's argument that R.C. 2305.19 did not permit appellant to file the case in Logan County, but held that principles of equity precluded it from dismissing appellant's action. The trial court found that when the Pickaway County action was dismissed, both parties were under the mistaken assumption that there were no legal barriers to filing the case for a third time. Had the parties known the true state of the law, the court reasoned, the second dismissal would never have occurred.

■ Preliminarily, we agree with the appellant that the voluntary dismissal of her Pickaway County case is a failure "otherwise than upon the merits." See *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 42, 512 N.E.2d 337, 341. We are aware that under the so-called "two dismissal rule" the second of two dismissals under Civ.R. 41(A)(1) has been held to constitute an adjudication on the merits of the case, see, *e.g., Graham v. Pavarini* (1983), 9 Ohio App.3d 89, 9 OBR 140, 458 N.E.2d 421.[2] However, appellant's Champaign County action was dismissed by action of the court pursuant to Civ.R. 41(A)(2).[3] Because her dismissal of the Pickaway County case was her first voluntary dismissal, we agree with appellant that the "two dismissal rule" does not apply.

■ However, appellee has not argued that the action is precluded under Civ.R. 41. Instead, appellee argues that appellant was not entitled to rely upon the saving statute when she filed her case in Logan County. Therefore, we will proceed to examine R.C. 2305.19, which reads:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."

Although we agree with appellant that her Pickaway County case "fail[ed] otherwise than upon the merits," we believe it clear that the statute's reference to "the time limited for commencement of such action" refers to the statute of limitations for an action. Moreover, the statutory language limiting its application to those situations where "in *due* time * * * the plaintiff fails otherwise than upon the merits" restricts the application of the statute to those situations where the original action was filed within the statute of limitations. Cf. *Seawright v. Zabell* (Apr. 27, 1989), Cuyahoga App. No. 55232, unreported, 1989 WL 42251.

---

**2.** Civ.R. 41(A)(1) reads:

"Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of the court * * * (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

**3.** Civ.R. 41(A)(2) provides:

"Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

Other Ohio courts have long concurred with this position. See *Bush v. Cole* (1913), 1 Ohio App. 269, 271.

As a result, it is our conclusion that the saving statute was not intended to allow plaintiffs to refile a dismissed case more than one year beyond the expiration of the statute of limitations. We agree with the Franklin County Court of Appeals that to allow such a use of the statute "would frustrate the purpose of the civil rules which are intended to prevent indefinite filings." *Hancock v. Kroger Co.*, 103 Ohio App.3d at 269, 659 N.E.2d at 338. Accordingly, we affirm the trial court's position on this issue and hold that R.C. 2305.19 did not permit appellant to refile her action in Logan County, since her initial action was dismissed after the expiration of the statute of limitations and such dismissal occurred more than one year prior to the Logan County filing.

■ However, our analysis does not end with this conclusion. Despite the trial court's decision that appellant improperly relied on the saving statute to file her case in Logan County, the court held that appellee was equitably estopped from obtaining a dismissal:

"In this case, the Court finds it would be inequitable to dismiss this case because of the second dismissal and the third filing of this suit. * * * The second dismissal was done more as a mistake of law by both counsel. Mr. Freeman stated he determined with Plaintiff's counsel that a Rule 41(A)(1) notice of dismissal would not be with prejudice, but he failed to consider the savings statute. * * * While there may have been no misrepresentation nor intent to deceive, that is not necessary to an estoppel of the defense of statute of limitation."

■ Equitable estoppel has been defined as "[t]he doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he would otherwise have had." Black's Law Dictionary (6 Ed.1990) 538. The doctrine's purpose is to promote justice by preventing both actual and constructive fraud. See *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 632–633. However, as the trial court correctly noted, " '[a]ctual fraud or an intent to deceive is not an essential element of an estoppel to plead the statute of limitations.' " *Bryant v. Doe* (1988), 50 Ohio App.3d 19, 20, 552 N.E.2d 671, 674, quoting *Moherman v. Nickels* (1942), 140 Ohio St. 450, 464, 24 O.O. 468, 474, 45 N.E.2d 405, 412.

In Ohio, courts have applied a four-factor test to determine if the essential elements of equitable estoppel have been satisfied:

■ "To show a *prima facie* case for application of equitable estoppel, a plaintiff must show that (1) the defendant made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance that is reasonable and in good

faith, and (4) that causes detriment to the relying party." *Walworth v. BP Oil Co.* (1996), 112 Ohio App.3d 340, 345, 678 N.E.2d 959, 963. Accord *Doe v. Blue Cross/Blue Shield of Ohio* (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492, 498–499; *First Fed. S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 226–227, 463 N.E.2d 636, 647–648.

██ The first prong of the test clearly requires that misrepresentation be *factual.* Here, the trial court found that "[t]he second dismissal was done more as a mistake of law by both counsel." We are thus faced with the question of whether a mutual mistake of law can be a "misrepresentation" within the test and therefore provide the basis for application of the doctrine of equitable estoppel.

██ The parties have not cited any Ohio cases addressing this question, and our research has not uncovered any cases on point. However, other principles of Ohio law on estoppel are instructive. Courts have held that estoppel cannot arise where the party claiming estoppel is chargeable with knowledge of the relevant facts, see *Brown v. Woodmen Acc. & Life Co.* (1992), 84 Ohio App.3d 52, 57, 616 N.E.2d 278, 280–281; that the reliance upon the opposing party's statement of the relevant facts must have been both actual and reasonable, cf. *Schrader v. Gillette* (1988), 48 Ohio App.3d 181, 183, 549 N.E.2d 218, 220–221; and that no estoppel arises where the opposing party's misrepresentation is "due to ignorance founded upon an innocent mistake," *First Regular Baptist Church of Franklin, Ohio v. Ins. Co. of N.A.* (C.A.6, 1971), 444 F.2d 279, 282. A maxim of the law in this area is that the party asserting estoppel must either lack knowledge of the relevant facts or at least have a lesser knowledge than the party to be estopped. See *Brown v. Woodmen,* 84 Ohio App.3d at 57, 616 N.E.2d at 280–281. Moreover, the party asserting estoppel is required to use reasonable diligence to obtain knowledge of the relevant facts. See *Pedler v. Aetna Life Ins. Co.* (1986), 23 Ohio St.3d 7, 11, 23 OBR 6, 9–10, 490 N.E.2d 605, 608–609, citing 42 Ohio Jurisprudence 3d (1983) 109–110, Estoppel and Waiver, Section 66.

Other jurisdictions addressing the present issue have been uniform in the holding that mistake of law cannot give rise to an estoppel. Courts have generally based this rule on the presumption that all parties have an equal opportunity to discover the relevant law.[4] We believe this reasoning to be sound, and we further believe that current Ohio law on equitable estoppel favors adopting the rule that it supports. Adoption of the opposite rule would create a disincentive for attorneys to research the appropriate law governing their clients'

---

4. See, *e.g., Iterman v. Baker* (1938), 214 Ind. 308, 15 N.E.2d 365, 370; *Denton Ent., Inc. v. Ill. State Toll Hwy. Auth.* (1979), 77 Ill.App.3d 495, 32 Ill.Dec. 921, 396 N.E.2d 34, 40–41; *Gabovitz v. State Auto. Ins. Assn.* (1987), 362 Pa.Super. 17, 523 A.2d 403; *Adams v. County of Sacramento* (1991), 235 Cal.App.3d 872, 883, 1 Cal.Rptr.2d 138, 145.

cases, since knowledge of that law would preclude them from asserting estoppel. More important, we observe that a contrary rule would purport to bind the courts to the parties' mistaken understanding of the law. We can think of no reason why courts should be required, or even permitted, to abide by a rule directly contrary to controlling law based on the failure of attorneys to research or understand that law.

Here, appellant's attorneys argued that appellee's counsel had given them his "professional statement" that he knew of no legal barriers to a third filing of the case. One of appellant's attorneys stated that appellee's later assertion of the saving statute preclusion exhibited a "lack of integrity" in which he was "extremely disappointed." The trial court apparently rejected this argument, and we raise it only to observe that it was primarily the responsibility of appellant's attorneys to determine the state of the law relevant to dismissing their client's claim. Appellant's attorneys knew (or should have known) that they would have to rely on the saving statute in order to file this case in Logan County. Ascertaining the applicable law and gauging the possible risk to a given cause of action prior to any dismissal under Civ.R. 41 are precisely the kind of decisions that attorneys cannot delegate to opposing counsel or the courts. As a result, it is our conclusion that neither the appellee or the courts can be compelled to bear the consequences of appellant's counsel's apparent failure to make those evaluations in this case.

Based on the foregoing, we hold that the parties' mutual mistake of law cannot give rise to an equitable estoppel. Appellee's cross-assignment of error is sustained and appellant's assignments of error are overruled as moot pursuant to App.R. 12(A)(1)(c). The order of the trial court granting appellee's motion for directed verdict is vacated and the order of that court denying appellee's motion to dismiss is reversed. This cause is remanded to the Common Pleas Court of Logan County for entry of judgment on appellee's motion to dismiss consistent with this opinion.

*Judgment vacated*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.