Charles and Joanne McCARTHY, Plaintiffs,

v.

KOMORI AMERICA CORP., Defendant.

CIV.A. No. 00–CV–3418.

United States District Court, E.D. Pennsylvania.

June 5, 2001.

[black redaction block]

John Reed Evans, Sirlin Gallogly & Lesser, P.C., Philadelphia, PA, for plaintiffs.

Louis Bell, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

[black block] Presently before the Court is Plaintiffs' Motion to Amend the Complaint to Include a Count for Punitive Damages. In response to Plaintiffs' Motion, Defendant argues that Plaintiffs unjustifiably delayed filing their Motion, that allowing amendment of the complaint at this late date would needlessly extend the discovery period, and that amendment would be prejudicial to Defendant. For the reasons that follow, we agree with Defendant and will deny Plaintiffs' Motion.

[black block] Motions to amend pleadings are governed by Fed.R.Civ.P. 15(a), which, except in some circumstances not presented here, requires a party to obtain "leave of court" or "written consent of the adverse party" to amend a pleading. In reviewing motions under Rule 15, courts are instructed that "leave shall be freely given when justice so requires." *Id.* As the United States Court of Appeals for the Third Circuit has explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413 (3d Cir.1993) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). With specific respect to delay, we note that "[t]he passage of time, without more, does not require a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court." *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 614 (3d Cir.1987) (citations omitted).

Discovery in this case was originally scheduled to end on January 26, 2001. Subsequently, this Court approved a stipulation to extend the time to respond to certain interrogatories, and allowed two general thirty-day extensions for all discovery deadlines. After the second thirty-day extension, the Court indicated to the parties that no further extensions would be forthcoming. A later stipulation for another forty-five day discovery extension was denied. The pre-trial process in this case has been contentious, and both parties have continually raised picayune discovery and administrative matters for the Court's resolution. The result has been repeated and often unnecessary delays.

Despite the passing of the twice-extended discovery deadline, Plaintiffs filed the instant Motion on April 9, 2001. As Defendant rightly points out, the factual core supporting Plaintiffs' proposed new claim was known to Plaintiffs at the time of the filing of the original Complaint in June 2000. Moreover, to the extent the discovery process unearthed additional, alleged support for a punitive damages claim, those facts were known nearly three, and in some cases over five, months prior to the filing of the Motion to Amend. In addition, Plaintiffs fail to offer any justification whatsoever for the delay. *See, e.g., LePage's Inc. v. 3M (Minnesota Mining & Mfg. Co.),* No. CIV.A. 97–3983, 1998 WL 631960, at *4 (E.D.Pa. Sep. 2, 1998) ("The party seeking leave to amend bears the burden of explaining the reasons for the delay."). This lack of justification is especially conspicuous given that the factual foundation for the claim was long-known and that multiple extensions had already been granted by this Court. Other courts have rejected motions to amend under similar circumstances. *See, e.g., Phoenix Techs., Inc. v. TRW, Inc.,* 154 F.R.D. 122, 123 (E.D.Pa. 1994) (denying motion to amend where defendant offered no explanation for seventeen month delay); *Tarkett Inc. v. Congoleum Corp.,* 144 F.R.D. 289, 291 (E.D.Pa.1992) (same, where defendant offered no explana-

tion for nearly three month delay); *see also McKnight v. School Dist. of Philadelphia,* No. CIV.A. 00–573, 2001 WL 74772 (E.D.Pa. Jan. 29, 2001) (same, where plaintiff offered no explanation for delay and discovery had closed); *Hewlett–Packard Co. v. Arch Assocs. Corp.,* 172 F.R.D. 151, 155 (E.D.Pa. 1997) ("allowing amendment of [defendants'] remaining claims … would clearly lead to further delay and an additional round of time-consuming discovery."); *Kuhn v. Philadelphia Elec. Co.,* 85 F.R.D. 86 (E.D.Pa.1979) (denying motion to amend after discovery had closed).

■ On May 29, 2001, this case was referred to the Magistrate Judge for exploration of settlement. We see no justification, nor do Plaintiffs offer any, for prolonging the already contentious discovery process further by allowing Plaintiffs to amend their Complaint. Moreover, it is clear that, given the late date of the proposed amendment, Defendant would be prejudiced in its ability to prepare a defense to the punitive damages claim. Finally, and perhaps most significantly, Plaintiffs have inexplicably delayed moving to amend despite having known the factual basis for their new claim for many months. In view of all these circumstances, we will deny Plaintiffs' Motion. An appropriate Order follows.

### *ORDER*

AND NOW, this 5th day of June, 2001, upon consideration of Plaintiffs' Motion to Amend (Document No. 40), and Defendant's response thereto, it is hereby ORDERED that Plaintiffs' Motion is DENIED. Plaintiffs' request for answers to their net worth interrogatories is DENIED as MOOT.