JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Anthony Fiorini, D.C. ("Fiorini"), appeals the trial court granting summary judgment to all three appellees, Ulmer 
Berne, LLP, ("law firm"), David Speaker, Esq.[1], and Thomas Kelly, Esq.[2]. Fiorini maintains that the trial court erred in determining that appellees were not equitably estopped from asserting that the legal malpractice one-year statute of limitations had expired. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} The pertinent facts of this appeal reach back to some time in 1993 or 1994 when Fiorini retained appellees to represent him in a construction case entitled Anthony P. Fiorini, D.C. v. Albion PlaceCorporation, et al., Cuyahoga County Case No. 256761. As the years passed, Fiorini repeatedly inquired about the status of the case and was always told by Kelly that the case was proceeding, "everything was fine," and "there was nothing to worry about." (Fiorini Affidavit.)
{¶ 3} In March 1999, one of Fiorini's patients, an attorney, offered to check on the status of the case and discovered it had been dismissed on September 16, 1994.[3] On March 19, 1999, Fiorini confronted Kelly, who admitted that he knew that the case had been dismissed and told him that "I thought I told you, `and/or' David should have told you." (Fiorini Affidavit.)
{¶ 4} Fiorini retained a new attorney, Paul Kaufman, to evaluate whether he had a legal malpractice case against appellees. On March 22, 1999, Fiorini notified Kelly and Speaker that he had been advised not to speak with either of them. The record does not indicate that Fiorini provided the same notice to the law firm on March 22, 1999. Thereafter, On April 16, 1999, Kaufman sent a letter to both the law firm and Speaker advising them of his intention to pursue a legal malpractice action against them. During deposition, Kaufman stated that he could not recall whether he had sent the same letter to Kelly, who had left the firm in 1996. Kaufman did recall, however, that after sending the letter to the law firm, he began discussing settlement with Alan Sims, an attorney with the firm. Kaufman stated that he and Sims had several conversations about trying to settle the case rather than entering into litigation. According to Kaufman, Sims made it clear that if Fiorini could provide documentation proving the damages he would have recovered in Anthony P.Fiorini, D.C. v. Albion Place Corporation, et al., Cuyahoga County Case No. 256761, he would try to settle the matter.
{¶ 5}In a letter dated February 2, 2000, it is evident that Kaufman did as Sims asked and had Fiorini gather the requested damage documentation. The letter also shows Kaufman's concern about the approaching statute of limitations. The February 2, 2000, letter to Sims states, in part:
{¶ 6} Dear Alan,
 {¶ 7} Enclosed herewith is a letter dated January 20, 2000 of Gene Martini of Caputo Martini Construction Co. Mr. Martini was requested to do an evaluation of Mr. Fiorini's office space based upon two propositions:
 {¶ 8} 1. Basically starting the office from scratch, which Mr. Martini quotes at $179,265.00.
 {¶ 9} 2. Attempting to correct the existing situation to make it acceptable. That amount is quoted at $56,610.00.
 {¶ 10} Additionally, I am forwarding to you a set of photographs that Dr. Fiorini has taken to help demonstrate to you the various problems that exist with the space. * * *
{¶ 11} * * *
 {¶ 12} I am also concerned about an approaching statute of limitations date. If we can agree to wave [sic] any statute of limitations defense, I can forestall the filing. Otherwise, I will need to file this lawsuit within the next thirty days. Your anticipated prompt attention and response is greatly appreciated. (Emphasis added.)
{¶ 13} According to Kaufman, even though Sims never sent awritten response agreeing to extend the statute of limitations, he orally agreed to do so. In deposition, Kaufman described the circumstances which led him to believe Sims would extend the statute:
 {¶ 14} * * * Prior to February 2d 2000 there had been at least one face-to-face meeting and there may have been more. There had been a number of requests communicated to me by Alan Sims for documentation in substantiation of the claim damages and discussions about what financial areas we were in here. Ultimately leading to a request, I believe a request from Alan to me for a settlement demand. All in the context of, you know, we would like to try to resolve this without litigation within our deductible.
{¶ 15} * * *
 {¶ 16} But in answer to your question, I think the context of the discussions was all in terms of holding off the filing of any lawsuit to see if we can possibly resolve this. And that if we couldn't, then suit would be filed.
{¶ 17} * * *
 {¶ 18} Q. You may have already told me this, but I'm going to ask you it again, just to be clear, why did you wait until May, the date if May 17th 2000, to file the lawsuit?
 {¶ 19} A. Because it was at or about that time that Alan Sims advised me that Ulmer Berne was not interested in talking about the case or pursuing any further settlement discussions.
 {¶ 20} Q. How did he tell you that, through a letter or the telephone?
 {¶ 21} A. I'm sure it must have been a telephone call, that they were not prepared to talk in dollar amounts in the areas that we felt could possibly have resolved the case.
{¶ 22} Kaufman also admitted in deposition that he never had an agreement with either Speaker or Kelly about tolling the statute of limitations.
{¶ 23} According to Fiorini, and consistent with Kaufman's testimony, the case at bar was filed on May 12, 2000, as a direct result of the law firm refusing to continue settlement discussions. We now turn to a review of appellant's single assignment of error, which includes two subparts.
 {¶ 24} I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 25} A. Genuine issues of material fact and law exist which preclude the granting of summary judgment.
 {¶ 26} B. The doctrine of equitable estoppel bars the Defendant from the statute of limitations defense.
{¶ 27} Fiorini advances one argument.[4] He argues that the trial court erred in granting appellees' motions for summary judgment because, under the doctrine of equitable estoppel, there remain genuine issues of material fact. We disagree for the reasons that follow.
{¶ 28} Rule 56(C) of the Ohio Rules of Civil Procedure provides that summary judgment is proper only if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, when such evidence is viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267; Powers v. Pinkerton (Jan. 18, 2001), Cuyahoga App. No. 76333.
{¶ 29} Under the Rule and the controlling case law of this state, the moving party must support the motion with affirmative evidence in order to meet its burden of proving that no genuine issue of material fact exists for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264; Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,510 N.E.2d 1108.
{¶ 30} Summary judgment should not be granted when the facts are subject to reasonable dispute. The improper grant of summary judgment "precludes a jury's consideration of a case, and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion." Shaw v. Central Oil Asphalt Corp. (1981), 5 Ohio App.3d 42,44, 449 N.E.2d 3. We review the order granting summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241;McManamon v. H R Mason Contrs. (Sept. 13, 2001), Cuyahoga App. No. 79014.
{¶ 31} In the case at bar, Fiorini argues that the trial court erred in determining that none of the appellees was estopped from asserting a statute of limitations defense to Fiorini's complaint. Fiorini's argument rests on the theory of equitable estoppel, which has been defined as "the doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he would otherwise have had." Heskett v. Paulig (1999),131 Ohio App.3d 221, 722 N.E.2d 142 citing Ohio State Bd. Of Pharmacy v.Frantz (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630; Powers, supra. In order to prevail on a claim of equitable estoppel, a plaintiff must prove four elements: (1) that the defendant made a factual misrepresentation, (2) that it is misleading, (3) that it induces actual reliance which is reasonable and in good faith, and (4) that it caused detriment to the relying party. Heskett, at 227. Further,
 {¶ 32} It is essential to the application of the principles of equitable estoppel that the person claiming to have been influenced by the conduct or declarations of another party to his injury should have been destitute of knowledge of the facts, or at least * * * of any convenient and available means of acquiring such knowledge, for if he lacks such knowledge he is bound to exercise reasonable diligence to obtain it.
 {¶ 33} Obviously, a party who acts with full knowledge of the truth has not been misled and cannot claim estoppel. Hence, there can be no estoppel where the party claiming it is chargeable with knowledge of the facts, as where he either knows the facts or is in a position to know know them or the circumstances are such that he should have known them; or where the circumstances surrounding the transaction are sufficient to put a person of ordinary prudence on inquiry which would have disclosed the facts; * * *.
{¶ 34} Dobos v. Community Ins. Co. (Nov. 16, 2000), Cuyahoga App. No. 77243, citing Pedler v. Aetna Life Ins. Co. (1986), 23 Ohio St.3d 7,490 N.E.2d 605.
{¶ 35} The trial court in the case at bar correctly granted summary judgment for several reasons. First, Fiorini never presented his theory of equitable estoppel in the trial court. Failure to raise the issue below results in a waiver of the issue here on appeal. State v.Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364. Second, summary judgment in favor of Kelly and Speaker was proper because Fiorini admits he never requested either of them to extend the statute. Third, there is no evidence that Kelly or Speaker, on their own, ever offered to toll the statute. The record does not show that either Kelly or Speaker ever made a factual misrepresentation related to waiving the statute of limitations.
{¶ 36} In Ohio, a purported waiver of a statute of limitations must be shown by some act
 {¶ 37} which in and of itself prevents the plaintiff from seeking his remedy in the courts, and must go beyond the proposition of mere conversation, negotiation and discussion unless it amounts, in its entirety, to turning the plaintiff from his course and misleading him.
Pelaia v. U.S. Fire Insurance Co. (Jan. 20, 1930), Cuyahoga App. No. 10152.
{¶ 38} Fiorini argues that he relied on the fact that, immediately following the April 16, 1999 letter, Sims, numerous times, expressed a desire to try to settle the matter without litigation. Kaufman's deposition testimony and his own affidavit support this claim. Kaufman recalls Sims saying that the law firm wanted to "try to resolve this without litigation within our deductible." Fiorini maintains that proof of Sims' intention to avoid litigation by settlement is found in his request that Fiorini provide documentation showing the damages he would have recovered had he prevailed in the construction case. The record is clear that, at least, up until February 2, 2000, Fiorini was justified in believing that the law firm wanted to settle the matter to avoid litigation.
{¶ 39} The law firm does not deny that with the February 2nd letter it received some of Fiorini's documented information on damages and that it kept that information. This admission, however, does not amount to inducement. Nor is the standard in Pelaiamet by Fiorini's claim that "discussions continued" for an unspecified period of time to try to settle the case. Fiorini's vague claim that there were "continued discussions" after the February 2nd letter is insufficient under Civ.R. 56 because he does not support this claim with any specific factual evidence. Kaufman's affidavit does not even specify "when" the discussions were supposed to have occurred.
{¶ 40} The February 2nd letter, moreover, further shows not only that Fiorini did not have a firm agreement the law firm would waive the statute, but also that he anticipated having to save the statute by filing the malpractice action "within the next thirty days." It is undisputed that the statute expired before Fiorini filed the case. Fiorini produced no affirmative evidence that, after February 2nd, the law firm made any misleading representations, either by statement or conduct, that would have induced Fiorini to reasonably rely that he could let the statute pass without filing suit.
{¶ 41} Accordingly, we find that reasonable minds could reach but one conclusion about whether the law firm is estopped to deny that it waived the one-year statute of limitations and that conclusion is adverse to Fiorini. Appellant's assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] At the time, Speaker was not an attorney with the law firm, but was acting as co-counsel with the firm.
[2] Kelly was employed by the law firm from August 1993 to June 1996.
[3] The record indicates that the case had been dismissed "for failure to prosecute." There is no evidence, however, that Fiorini ever received any notice of the dismissal or the grounds upon which it was dismissed.
[4] Appellant's brief does not assign as error or otherwise discuss the trial court's determination that the one-year statute of limitations had expired as to each of the three appellees.