OPINION
{¶ 1} Defendant-appellee Bankers Trust ("Trust") brings this appeal from the judgment of the Court of Common Pleas of Seneca County granting summary judgment to plaintiff-appellee Sky Bank ("Sky").
 {¶ 2} On November 29, 1996, Lewis and Loretta Belknap ("Belknap") executed and delivered to Sky the following promissory notes: Note #3254950 in the amount of $8,000 and secured by an open-ended mortgage ("Mortgage 1) and Note #3254850 in the amount of $43,000 and secured by an open-ended mortgage ("Mortgage 2"). Both mortgages were recorded on December 13, 1996. On August 11, 1998, Belknap refinanced the mortgaged property with Trust. At that time, Sky held the above two notes and a third one in the amount of $29,500. Trust and Sky then entered into an agreement where Sky would subordinate Mortgage 2 to Trust's new mortgage ("Mortgage 3"). Trust then refinanced the property in the amount of $108,800 secured by Mortgage 3, which was recorded on August 21, 1998. The amount borrowed from Trust included the amounts necessary to pay off Sky's first note and the note for $29,500. Checks were sent to Sky for the above notes and Sky sent Trust receipts showing that the notes were paid in full. The account for $29,500 was then closed and the mortgage released. However, the line of credit secured by Mortgage 1 was not terminated and Mortgage 1 was not released. Belknap then borrowed additional funds, $8,753.38, on that line of credit.
 {¶ 3} On November 26, 2001, Sky, filed a complaint for foreclosure. The complaint alleged that Belknap had filed for bankruptcy and had defaulted on the loan agreements. Sky asked that Mortgage 1 be declared a valid first lien on the property and that Mortgage 2 be declared a valid third lien on the property. On January 11, 2002, Trust filed its answer and cross-complaint. The cross-complaint alleged that Belknap was in default on its note with Trust as of April 17, 2001. Trust asked that Mortgage 3 be declared a valid first lien on the property.
 {¶ 4} On April 30, 2002, Sky filed a motion for summary judgment. The motion claimed that the evidence shows that Sky never subordinated Mortgage 1, only Mortgage 2. On May 24, 2002, Trust filed its motion in opposition to Sky's motion and a cross-motion for summary judgment claiming that Mortgage 1 was subordinate to Mortgage 3. Sky filed its response to Trust's motion on June 14, 2002. On June 17, 2002, the trial court granted summary judgment to Sky. Trust filed a reply memorandum to Sky's response on June 26, 2002. A motion for the trial court to reconsider its judgment and objections to the proposed order of sale were filed on July 5, 2002. These motions were overruled on August 9, 2002. It is from this judgment that Trust appeals and raises the following assignments of error.
 {¶ 5} "The trial court erred in granting [Sky's] motion for summary judgment for first lien position and denying [Trust's] motion for summary judgment for first lien position.
 {¶ 6} "[Sky's] mortgage is junior in priority due to estoppel.
 {¶ 7} "[Sky's] mortgage is barred by its acceptance of the payoff check and return of the receipt confirming loan payoff.
 {¶ 8} "The subsequent advance by [Sky] is junior in priority to [Trust's] mortgage pursuant to [R.C. 5301.232(B)]."
 {¶ 9} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 10} The first assignment of error claims that the trial court erred in granting summary judgment to Sky rather than Trust. This assignment incorporates all of the other assignments of error. Neither side claims that there are genuine issues of material fact to be litigated. The only question before the trial court was one of law: which lien is entitled to first priority? Generally, the mortgage first recorded is entitled to priority. R.C. 5301.23. There is no question that Mortgage 1 and Mortgage 2 were recorded prior to Mortgage 3. There is also no question that Sky signed a waiver of priority for Mortgage 2 in favor of Mortgage 3. Thus, the only issue before the trial court is whether Mortgage 1 or Mortgage 3 has priority.
 {¶ 11} In the second assignment of error, Trust claims that Mortgage 1 is subordinate to Mortgage 3 because of estoppel. Trust argues that since Sky cashed the check labeled payoff of the note supporting Mortgage 1 and then sent a receipt to Trust that the note had been paid in full, Sky is estopped from claiming priority since it should have released Mortgage 1.
 {¶ 12} "Equitable estoppel has been defined as '[t]he doctrine by which a person may be precluded by his act or conduct, or silence when it is his duty to speak, from asserting a right which he would otherwise have had'. * * * The doctrine's purpose is to promote justice by preventing both actual and constructive fraud. * * *.
 {¶ 13} "In Ohio, courts have applied a four-factor test to determine if the essential elements of equitable estoppel have been satisfied:
 {¶ 14} "`To show a prima facie case for application of equitable estoppel, a plaintiff must show that (1) the defendant made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance that is reasonable and in good faith, and (4) that causes detriment to the relying party.'" Heskett v. Paulig (1999),131 Ohio App.3d 221, 226-27, 722 N.E.2d 142 (citations omitted).
 {¶ 15} Here, no factual misrepresentation was made. Trust paid off the note supplying the basis for Mortgage I. Sky notified trust that the amount due was paid in full. However, Sky never told Trust that Mortgage I would be released or that the line of credit would be closed. Mortgage I states that it is security for an open line of credit. Trust knew what made up the underlying debt, but failed to take any steps to insure that the line of credit would be terminated. Additionally, Trust merely assumed that Sky would release the mortgage and did not take any steps to verify that this had occurred. The fact that Trust assumed Mortgage I would be released was not based upon any specific representation made by Sky. Therefore, Sky is not prohibited from claiming first lien position by the doctrine of estoppel. The second assignment of error is overruled.
 {¶ 16} Trust argues in the third assignment of error that Sky is junior in priority to Trust because of the application of R.C. 5301.232. This statute relates to open-ended mortgages and states in pertinent part as follows.
 {¶ 17} "(B) A mortgage complying with division (A) of this section and securing unpaid balances of loan advances referred to in such division is a lien on the premises described therein from the time such mortgage is delivered to the recorder for record for the full amount of the total unpaid loan indebtedness, including the unpaid balances of such advances that are made under such mortgage, plus interest thereon, regardless of the time when such advances are made under such mortgage, plus interest thereon, regardless of the time when such advances are made. If such an advance is made after the holder of the mortgage receives written notice of a lien or encumbrance on the mortgaged premises which is subordinate to the lien of the mortgage, and if such holder is not obligated to make such advance at the time such notice is received, then the lien of the mortgage for the unpaid balance of the advance so made is subordinate to such lien or encumbrance.
 {¶ 18} "* * *
 {¶ 19} "(D) The written notices provided for in division (B) of this section shall be signed by the holder of the lien or encumbrance * * * and shall set forth a description of the real property to which the notice relates, the date, parties to, the volume and initial page of the record or the recorder's file number of the mortgage over which priority is claimed for the lien or encumbrance, and the amount and nature of the claim to which the lien or encumbrance relates * * *." R.C. 5301.232.
 {¶ 20} Trust claims that Sky had notice of Mortgage 3 when it agreed to waive the priority of Mortgage 2 over Mortgage 3. However, no evidence was presented to the trial court that Trust ever sent Sky the notice required by statute. Without the statutory notice, the protection afforded by the statute is not available to Trust. The third assignment of error is overruled.
 {¶ 21} Finally, Trust claims that Sky is barred from claiming first lien position by the doctrine of accord and satisfaction. Trust states that Sky accepted a check which stated on its face that it was a payoff of the debt. Sky then sent Trust a receipt confirming that the debt was paid in full. Trust argues that the acceptance of the check and the receipt was sufficient to establish an accord and satisfaction of the debt.
 {¶ 22} "When an accord and satisfaction is pled by the defendant, the court's analysis must be divided into three distinct inquiries. First the defendant must show that the parties went through a process of offer and acceptance — an accord. Second, the accord must have been carried out — a satisfaction. Third, if there was an accord and satisfaction, it must have been supported by consideration. The first and second inquiries merge when the creditor manifests acceptance of the offer by negotiating a check sent by the debtor with the offer. `At common law, an accord and satisfaction is accomplished when a creditor accepts and deposits a check which the debtor offers as full payment for an unliquidated or disputed debt. * * * By cashing the check, the creditor manifests assent to the terms of a new contract which extinguishes the debtor's prior contractual obligation.'" Allen v. R.G.Indus. Supply (1993), 66 Ohio St.3d 229, 231, 611 N.E.2d 794.
 {¶ 23} In this case, there was no dispute over the debt. Trust asked for the payoff amount, Sky sent it to Trust, and Trust paid that amount. Since the doctrine of accord and satisfaction is an affirmative defense to a claim for money damages, there can be no accord and satisfaction without the dispute. In addition, although the doctrine of accord and satisfaction would apply if Sky were claiming that funds were still owed prior to the cashing of the check, it has no effect on subsequent debt. Thus, the fourth assignment of error is overruled.
 {¶ 24} Since all of the subsequent assignments of error have been found to lack merit, there is no basis for reversing the trial court. The first assignment of error is overruled.
 {¶ 25} The judgment of the Court of Common Pleas of Seneca County is affirmed.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.