DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants appeal a summary judgment issued by the Ottawa County Court of Common Pleas in a sham legal process civil suit. For the reasons that follow, we affirm.
 {¶ 2} Appellees, Robert Boytim and Arden W. Rogers, are residents of the village of Marblehead. Following the 2003 municipal elections, appellee Boytim noted that the number of absentee ballots cast had doubled from the previous municipal election. According to appellee Boytim's deposition testimony, he came to suspect that some of the absentee ballots cast were from persons who were not permanent residents of Marblehead. Enlisting appellee Rogers' aid, appellee Boytim undertook to investigate.
 {¶ 3} Appellees compared the addresses where absentee ballots were mailed to the addresses where real estate property tax statements were mailed. From this comparison and other techniques, appellees identified 14 individuals who they suspected of improper voter registration in Marblehead. Appellees then instituted a challenge of these voters to the Ottawa County Board of Elections. Among those challenged were appellants, Robert Maynard, Gayle Zdolshek, and Jack and Dorrine McIver.[1] The board of elections set a June 14, 2004 hearing on the challenges.
 {¶ 4} At some point, appellees concluded that it would be useful for the challenged voters to bring with them to the hearing, drivers' licenses, utility bills, tax receipts, or other proof of residency. When appellees approached a board of elections' employee about issuing subpoenas duces tecum for this material, according to their deposition testimony, they were advised that the board did not issue subpoenas. If subpoenas were to issue, appellees were told, they would have to do it themselves. If appellees needed advice on how to do this, the board employee stated, they should hire their own lawyer. The employee told appellees that the county prosecutor was the attorney for the board during such proceedings.
 {¶ 5} According to appellee Rogers, the next day he received a telephone call from the county prosecuting attorney, inviting him to the prosecutor's office. There, the prosecutor provided appellee Rogers with some blank subpoena forms and a template for their completion. The prosecutor instructed appellee Rogers to fill out the forms and return them to him.
 {¶ 6} When appellee Rogers returned with the completed subpoenas, the prosecutor assisted him in filing them with the clerk of courts and delivering them to the sheriffs department for service. The prosecutor later submitted an affidavit in this proceeding, confirming his role in creating the subpoenas and averring that, at the time, he was unaware that the board of elections had established other procedures and forms for the issuance and service of subpoenas in a board of elections proceeding.
 {¶ 7} On July 20, 2004, appellants sued appellees under R.C. 2921.52, an Ohio statute which permits such civil suits against persons guilty of employing a "sham legal process." Appellants sought $500,000 in compensatory and $750,000 in punitive damages. Appellees denied liability and, following discovery, moved for summary judgment, arguing that appellees acted in good faith in issuing the subpoenas and, therefore, did not "knowingly" use a sham legal process. Moreover, appellees asserted that the subpoenas were issued for a lawful purpose, an express affirmative defense pursuant to R.C. 2921.52(C).
 {¶ 8} On consideration, the trial court concluded that the issuance of the subpoenas was unlawful, but that the proceeding for which they were issued was lawful. As a result, the court determined that the subpoenas had been issued for a lawful purpose and that appellees were entitled to judgment as a matter of law. On these conclusions, the court issued summary judgment in favor of appellees.
 {¶ 9} From this judgment, appellants now bring this appeal, setting forth the following three assignments of error:
 {¶ 10} "I. Ineffective assistance of counsel from a prosecuting attorney to challenging electors, acting in his official capacity as the board of elections attorney and not as an attorney to challenging electors, does not negate the culpability of the challenging electors when the challenging electors engage in a sham legal process.
 {¶ 11} "II. The trial court erred by finding that there was no genuine issue of material fact in an action alleging a sham legal process in violation of O.R.C. § 2921.52 when private citizens unlawfully issue subpoenas for a governmental entity when the court finds that said unlawful issuance was for a lawful purpose.
 {¶ 12} "III. The trial court erred by allowing the appellee to assert an affirmative defense in a motion for summary judgment when the appellee waived the affirmative defense by not properly pleading the affirmative defense."
 {¶ 13} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 14} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 15} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984),11 Ohio St.3d 75, 79.
 {¶ 16} R.C. 2921.52 is a criminal statute. In material part, R.C.2921.52(B) provides:
 {¶ 17} "(B) No person shall, knowing the sham legal process to be sham legal process, do any of the following:
 {¶ 18} "(1) Knowingly issue, display, deliver, distribute, or otherwise use sham legal process * * *."
 {¶ 19} R.C. 2921.52(A)(4) defines a "sham legal process" as,
 {¶ 20} "* * *an instrument that meets all of the following conditions:
 {¶ 21} "(a) It is not lawfully issued.
 {¶ 22} "(b) It purports to do any of the following:
 {¶ 23} "(i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.
 {¶ 24} " * * *
 {¶ 25} "(c) It is designed to make another person believe that it is lawfully issued."
 {¶ 26} One who violates the provisions of R.C. 2921.52(B)(1) is guilty of a fourth degree misdemeanor. R.C. 2921.52(D). Nevertheless, "It is an affirmative defense to a charge under division (B)(1) * * * of this section that the use of sham legal process was for a lawful purpose." R.C. 2921.52(C).
 {¶ 27} R.C. 2921.52(E) provides,
 {¶ 28} "(E) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. * * *."
 I. Ineffective Assistance / Waiver {¶ 29} We shall entertain appellants' first and third assignments of error first. The first assignment of error appellants set forth is more of a statement. Presumably what appellants intend to suggest is that the trial court erred in ruling that the county prosecuting attorney's mistakes negate the culpability of appellees. In the context of this matter, we are not certain that we agree with appellants' assertion but since the trial court never ruled on this issue, we need consider it. The first assignment of error is therefore not well-taken.
 {¶ 30} In their third assignment of error, appellants insist that appellees waived their statutory affirmative defense by failing to properly plead it. Appellees point out that not only is this issue not properly before us because it was not raised in the trial court, seeStores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43, but that they properly pled the R.C. 2921.52(C) defense in their answer. For either reason stated by appellees, appellants' third assignment of error is not well-taken.
 II. Summary Judgment {¶ 31} In their second assignment of error, appellants insist that the trial court erred in finding that there was no genuine issue of material fact. In argument appellants offer extensive authority as to how facts and inferences on facts should be construed in favor of the nonmoving party in a summary judgment proceeding, but point out no fact which is disputed. Rather, they suggest that the trial court was wrong when it concluded that the proceedings for which the "sham" process was issued constituted a "lawful purpose" for purposes of the R.C. 2921.52(C) affirmative defense.
 {¶ 32} Our review is de novo.
 {¶ 33} Although the burden of proof may not be the same, the civil cause of action created by R.C. 2921.52 is founded on the same elements as the criminal violation; one may not (1) knowing a sham legal process to be a sham legal process, (2) knowingly issue, distribute or otherwise use a sham legal process. A person has "knowledge" when he or she is aware of the probable existence of that which he or she is supposed to know. R.C. 2901.22(B). Scienter is ordinarily a question of fact.State v. Wallace (Mar. 30, 2000), 10th Dist. No. 99AP-802, citingState v. Huffman (1936), 131 Ohio St. 27, at paragraph four of the syllabus.
 {¶ 34} The trial court concluded that the subpoenas appellees caused to be issued were "unlawful." By this, we take it that the court meant they met the statutory definition of a "sham legal process." This conclusion is supported in the record.
 {¶ 35} In its analysis, the court then addressed whether the purpose of the proceeding in which the subpoenas were issued was lawful, concluding that it was. The court, therefore, ruled that appellees were entitled to protection of the statutory affirmative defense. We find this conclusion supported in law. A voter challenge may be initiated by any qualified elector, R.C. 3503.24(A), a class to which it is undisputed appellees belong. Moreover, the procedural portion of the voter challenge statute as pertains to subpoenas states:
 {¶ 36} "At the request of either party or any member of the board, the board shall issue subpoenas to witnesses to appear and testify before the board at a hearing held under this section. * * *." R.C. 3504.24(B). (Emphasis added.)
 {¶ 37} By this language, the legislature has obligated the board of elections to issue a subpoena if either a challenged voter or a challenger has requested it. Thus, it appears that, not only was the challenge hearing lawful, but the issuance of subpoenas by the board at the request of appellees was by law obligatory. Consequently, the trial court was correct in determining that appellees were within the protection of the affirmative defense.
 {¶ 38} We note additionally, however, that appellants also failed to meet their burden of coming forth with evidence sufficient to create a question of fact with respect to scienter. Between the depositions of appellees and the affidavit of the county prosecutor, appellees presented substantial evidence that they — and indeed the prosecutor — believed that they were acting in conformity of the law. Opposed to this, appellants offered no evidence that appellees knew or even suspected that the subpoenas they caused to be issued were improper. Consequently, we conclude that the undisputed evidence before the court on the motion was that appellees were without knowledge that the subpoenas they issued were "sham legal process." As a result, even without application of the statutory affirmative defense, appellees were entitled to judgment as a matter of law.
 {¶ 39} Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 40} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] Two other parties were original plaintiffs, but dismissed themselves before conclusion of the case.