DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that found appellee's complaint for declaratory judgment well-taken and held that appellee has an unrestricted and unencumbered right to a parcel of real property he purchased in 1998. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth two assignments of error: *Page 2 
 {¶ 3} "A. First Assignment of Error. The trial court erred in failing to enforce a lease between the parties on the basis of equitable estoppel.
 {¶ 4} "B. Second Assignment of Error. The trial court erred in failing to reform the written lease agreement to conform to the Defendant-Appellant's and Plaintiff-Appellee's understanding that they were the only parties to the lease."
 {¶ 5} On December 2, 1998, appellee Garry Savage purchased a piece of property in Huron, Ohio, from the Huron Temple Corporation ("HTC") for $120,000. The parties executed a mortgage and an Indenture of Lease which allowed HTC to use a portion of the building located on the site for its own purposes. HTC was a non-profit organization recognized by the Ohio Secretary of State at the time the property sale was completed. Savage was a member of appellant Marks Lodge 359 ("Lodge"), a non-profit fraternal organization, which had been using the property as its meeting place and headquarters. Pursuant to the lease, HTC had the right to occupy the premises for 40 years provided it complied with the purchase agreement and lease. By the terms of the lease, if HTC dissolved or disbanded, the lease would be null and void and Savage would have the right to possess the premises.
 {¶ 6} The record reflects that the sole purpose of HTC had been to own real estate for the Lodge, because the Lodge was prohibited by its charter from taking title to real estate. After selling the real estate to Savage, the officers of HTC determined that the organization no longer served a purpose. Therefore, on December 9, 1999, HTC filed *Page 3 
a certificate of dissolution with the Secretary of State. On April 15, 2000, HTC assigned the mortgage and note on the property to the Lodge. The lease was not assigned to the Lodge but the property continued to be used as the Lodge's meeting place.
 {¶ 7} In April 2006, Savage offered to sell the property to the Lodge. The Lodge declined the offer, and on May 11, 2007, Savage filed a complaint for declaratory judgment. In his complaint, Savage alleged that HTC assigned the mortgage and note on the property to the Lodge on April 15, 2000, but did not assign the lease. Savage further alleged that on November 11, 2006, the Lodge filed an Affidavit of Facts on the title to the subject property in what Savage characterized as an attempt to cloud the title. Savage further alleged that the Lodge's claim of a lease-hold was restricting his free use of the property. Finally, he asked the trial court to terminate any claim to the property by HTC or the Lodge and order an immediate removal of the Affidavit of Facts on the title.
 {¶ 8} Upon consideration of the parties' briefs, the trial court ascertained that the narrow issue to be determined was whether the 40-year lease originally granted by Savage to HTC was really intended by all parties to be a lease to the Lodge so that its members would have a meeting place. The trial court thoroughly reviewed relevant case law regarding construing the language of a contract and the assignment of a lease, and examined in detail the conditions set forth in the original lease. The trial court noted in relevant part that the parties agreed in the lease that, in the event HTC dissolved, the lease would be null and void and Savage would have the right to occupy the premises. The trial court found that the lease clearly was between Savage and HTC as there was no *Page 4 
ambiguous language that would indicate that another party was involved or was to become involved. Finally, the trial court found that, prior to dissolving, if HTC had wanted to assign its lease to the Lodge it should have done so in writing pursuant to the Statute of Frauds. The trial court concluded that the lease between Savage and HTC was null and void, that there was no lease applicable to the Lodge, and that Savage would have full and unrestricted use of the subject property upon payment in full of the note and satisfaction of the mortgage.
 {¶ 9} In their first assignment of error, appellants assert that the trial court committed a fundamental error by treating this case as presenting only legal issues and failing to consider important issues in equity. They claim that the trial court should have enforced a lease between Savage and the Lodge based on equitable estoppel. Appellants argue that Savage knew that the Lodge members believed the Lodge had a valid 40-year lease, that Savage continually misled the Lodge into holding that belief, that the Lodge members relied on Savage's representations that a valid lease existed, and that they will suffer pecuniary damage if Savage is not equitably estopped from denying the existence of a lease.
 {¶ 10} The relevant portion of the lease states:
 {¶ 11} "It is covenanted and agreed by the parties that in the event the party of the second part[1] shall dissolve and disband during the term of this lease, then this lease shall *Page 5 
be null and void and party of the first part shall have the right to occupy said premises. In the event of any such dissolution or disbanding by the party of the second part, the then balance due party of the second part under the note secured by the mortgage of even date herewith shall thereafter be paid to the Sellers designee based on the purchase agreement."
 {¶ 12} The trial court based its decision on its application of the law of contracts and found that the lease was clearly between Savage and HTC. The trial court found that the lease contained no ambiguous language that might indicate that any other party was involved or was meant to become involved.
 {¶ 13} On appeal, appellants assert that the trial court should have applied the theory of equitable estoppel. To show a prima facie case for application of equitable estoppel, a plaintiff must show that (1) a defendant made a factual misrepresentation, (2) that was misleading, (3) that induced actual reliance that was reasonable and in good faith, and (4) that caused detriment to the relying party. Heskett v. Paulig
(1999), 131 Ohio App.3d 221, 226-227.
 {¶ 14} Viewing this contract — the lease — as one clearly between Savage and HTC, as the trial court did, it is not possible for estoppel to apply. Appellants were not a party to the lease and therefore cannot claim that Savage made a factual misrepresentation which misled them, induced actual reliance, or caused them detriment. While the various documents offered by the Lodge in support of their argument and *Page 6 
presented to the trial court contain references to assigning the mortgage, nowhere is there any reference to assigning the lease to the Lodge. The language of the lease, as quoted above, is precise; it clearly sets forth what should occur should HTC dissolve and does not mention the Lodge. We find nothing misleading in the language of the lease.
 {¶ 15} Based on the foregoing, we find that the trial court did not err by failing to apply equitable estoppel in this case and, accordingly, appellants' first assignment of error is not well-taken.
 {¶ 16} In their second assignment of error, appellants assert that the lease did not reflect the intent of the parties and that the trial court should have reformed the lease on the basis of mutual mistake. However, appellants did not raise the issue of mutual mistake in the trial court. An issue not raised in the trial court cannot be raised for the first time on appeal. Maynard v. Rogers, 6th Dist. No. OT-06-018,2007-Ohio-565, ¶ 30. Accordingly, appellants' second assignment of error is not well-taken.
 {¶ 17} On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J. William J. Skow, P.J., Thomas J. Osowik, J., CONCUR.
[1] Paragraph one of the lease identifies Garry N. Savage as the party of the first part and Huron Temple Corporation as the party of the second part. *Page 1